UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| TAMRA CULTON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CASE NO. 2:22-cv-12102-SFC-DRG |
| VS. | ) | |
| | ) | |
| UNIFI AVIATION, LLC F/K/A DAL | ) | HON. Judge Sean F. Cox |
| GLOBAL SERVICES, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

PLAINTIFF TAMRA CULTON, by and through her attorneys, CARLA D. AIKENS, P.L.C., submit the following Complaint against UNIFI AVIATION, LLC F/K/A DAL GLOBAL SERVICES, LLC.

## JURY DEMAND

COMES NOW PLAINTIFF, Tamra Culton and hereby makes her demand for trial by jury.

## JURISDICTION

1.      At all times relevant to this complaint, Plaintiff Tamra Culton was a resident of Wayne County in the State of Michigan.

2.      Defendant is a corporation who does business in Wayne County in the State of Michigan.

3.      The events in question took place in Wayne County.

4.      This court has jurisdiction over these claims on the basis of federal question jurisdiction pursuant to title 7 Civil Rights Act of 1964, 42 USC sec.2000 9-16, and the state claims by supplemental jurisdiction through 28 USC sec. 1367 et seq.

1

## VENUE

5.    Venue is proper in this Court, the Eastern District of Michigan  pursuant to sec. 706 d3 of Title 7 42 USC sec. 2000e-5(f)(3) 5c, unlawful employment discrimination, which occurred in this district.

## STATEMENT OF FACTS

6.    Plaintiff is an African American woman.

7.    On or around February 7, 2008, Plaintiff began working for Defendant as a gate agent.

8.    Plaintiff

9.    On or about August 5, 2020, Plaintiff wore a face mask with a rainbow stripe on it.

10.    Plaintiff was told by a supervisor to change her mask, take it off, or to go home because, "We don't support that."

11.    It was apparent that the supervisor believed that the mask represented an LGBTQ+ pride symbol, but it was merely a multicolored mask.

12.    Plaintiff refused to remove her mask, and as a result, received a verbal warning in her personnel file.

13.    On or about August 13, 2020, Plaintiff wore a Black Lives Matter ("BLM") mask to her workplace.

14.    Plaintiff was told to remove the BLM mask.

15.    Plaintiff refused to remove her mask, and when she refused, she was escorted to the manager's office.

16.    Her supervisor told her that the mask was offensive and that she could not wear it.

17.    Plaintiff was then sent home and written up for wearing an unprofessional face covering.

18. On or about August 19, 2020, Plaintiff inadvertently wore a rainbow-striped mask around her wrist, although she wore an "employer-approved" mask for her face.

19. Other individuals who were not African-American females wore "unapproved" masks and were not disciplined nor terminated for the same.

20. Plaintiff was suspended pending an investigation for having an LGBTQ+ Pride symbol visible on her wrist.

21. Defendant terminated Plaintiff on or about August 25, 2020, because it believed she was supporting the LGBTQ+ and Black Lives Matter movements at the workplace.

22. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT I

**DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e et seq. ("Title VII")**

23. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

24. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

25. Defendant's conduct, as alleged herein, violated Title VII of the Civil Rights Act of 1964, which makes it unlawful to harass or discriminate an employee on the basis of that employee's race or association with a particular race.

26. Plaintiff is an African American woman, and, as a result, is a member of a protected class pursuant to Title VII.

27. Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class and believed support of a movement related to Black people.

28.     Defendant knowingly harassed Plaintiff for her representation of support for the Black Lives Matter movement by demanding that she remove it and ultimately taking adverse employment action against her for it.

29.     Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

30.     The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

31.     As a proximate result of the Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

32.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

33.     Plaintiff requests relief as described in the Prayer for Relief below.

## <u>COUNT II</u>

**DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")**

34.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

35.     At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, ELCRA.

36.     Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to harass or discriminate an employee on the basis of that employee's race or skin color, or association with a particular race.

37.     Plaintiff is an African American woman, and, as a result, is a member of a protected class pursuant to ELCRA.

38.     Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class.

39.     Defendant knowingly harassed Plaintiff for her representation of support for the Black Lives Matter movement by demanding that she remove it and ultimately taking adverse employment action against her for it.

40.     Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

41.     The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

42.     As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiffs have sustained loss of earnings, earning capacity, and fringe benefits and have suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

43.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III

### DISCRIMINATION/HARASSMENT ON THE BASIS OF SEX/GENDER IN VIOLATION OF THE ELCRA

44.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

45.     At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, ELCRA.

46.     Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to harass or discriminate an employee on the basis of that employee's sex or gender.

47.     Plaintiff is a woman, and, as a result, is a member of a protected class pursuant to ELCRA.

48. Plaintiff was subjected to communication and conduct on the basis of her status as a member of this protected class including but not limited to being constantly talked down to, ignored, and not taken seriously like her male counterparts.

49. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

50. As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiffs have sustained loss of earnings, earning capacity, and fringe benefits and have suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

51. Plaintiff has been damaged by Defendant in an amount to be proven at trial.

52. Plaintiff requests relief as described in the Prayer for Relief below.

## <u>COUNT IV</u>
## RETALIATION IN VIOLATION OF TITLE VII

53. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

54. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

55. A respondeat superior relationship existed between Defendant and its employees and agents.

56. Defendant's conduct, as alleged herein, violated Title VII which makes it unlawful to harass or retaliate against an employee for engaging in protected activity.

57. Plaintiff engaged in protected activity, including, but not limited to, when she informed management of the discriminatory harassment against her.

58.     After Plaintiff engaged in a protected activity, Defendant's agents thereafter harassed Plaintiff and took adverse employment actions because of that activity, as alleged in the statement of facts and herein, subjecting Plaintiff to pervasive retaliatory harassment, culminating all the way to the termination of Plaintiff.

59.     Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

60.     As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

61.     As a direct and proximate result of Defendant's discrimination and retaliation, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment.

62.     As a direct and proximate result of Defendant's discrimination and retaliation, Plaintiff has suffered and will continue to suffer mental/emotional pain and suffering, including but not limited to loss of enjoyment of a normal life due to irritability, depression, anxiety, worry, humiliation, grief, sadness, and anger.

63.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

64.     Plaintiff requests relief as described in the Prayer for Relief below.

## RELIEF REQUESTED

PLAINTIFF, TAMRA CULTON, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1.     Compensatory and pecuniary damages in whatever amount to which Plaintiff is entitled;

2.     Exemplary and/or punitive damages in whatever amount which Plaintiff is entitled;

3.     An award of lost wages and the value of fringe benefits, past and future;

7

4.      An award of interest, costs, and reasonable attorney fees; and

5.      An order awarding whatever other equitable relief appears appropriate at the time of final judgment.


Dated:  March 10, 2023

                              Respectfully Submitted,

                              /s/Carla D. Aikens
                              Carla D. Aikens (P69530)
                              CARLA D. AIKENS, P.L.C.
                              *Attorneys for Plaintiff*
                              615 Griswold Ste. 709
                              Detroit, MI 48226
                              carla@aikenslawfirm.com